IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY ELISH, | No. 2:21-cv-01584-JFC |
| Plaintiff, | |
| | Judge Conti |
| vs. | |
| BRIAN ROUSSEAU and JOHN DOE POLICE OFFICERS 1 THROUGH 3, | |
| | *Electronically Filed.* |
| Defendants. | |

**PSP DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

And now, comes the Defendant, Rousseau ("the Answering Defendant") by and through his counsel, Scott A. Bradley, Senior Deputy Attorney General; Sarah J. Simkin, Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, Civil Litigation Section, and files the within ANSWER AND AFFIRMATIVE DEFENSES to the Complaint [ECF 1] previously filed in this case, and set forth as follows:

**FIRST AFFIRMATIVE DEFENSE**

**ANSWER TO COMPLAINT**

**INTRODUCTION**

1. To the extent directed to the Answering Defendant, Paragraph 1 is a summation of the instant complaint which contains conclusions of law relating to Plaintiff's claims, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

**PARTIES**

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted to the extent that it alleges that Defendant Brian Rousseau is an adult individual employed by the Pennsylvania State Police at Troop B Station at 150 State

Route 519, Eighty Four, Pennsylvania 15330.  The remaining allegations in this paragraph contain conclusions of law, to which no response is required or, if deemed factual, are denied and strict proof is demanded at trial.

4.  Paragraph 4 is not directed to the Answering Defendant, therefore no response is required.  However, to the extent an answer is required, any allegations of fact in Paragraph 4 are denied and strict proof is demanded.

5.  To the extent directed to the Answering Defendant, Paragraph 5 contains no allegations of fact; therefore, no response is required.

**JURISDICTION AND VENUE**

6.  Paragraph 6 is a conclusion of law relating to this Court's subject matter jurisdiction over Plaintiff's claims, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

7.  Paragraph 7 is a conclusion of law relating to venue in this Court, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

**FACTS**

8.  To the extent directed to the Answering Defendant, after reasonable investigation, the Answering Defendant is without sufficient information to be able to admit or deny the facts comprising the allegations of Paragraph 8 as stated.  Accordingly, they are denied and strict proof is demanded.  By way of further response, it is averred that the Answering Defendant had no contact with Plaintiff on June 27, 2021.  However, the Answering Defendant did encounter

Plaintiff on May 27, 2021, during a traffic stop he initiated in the course of his duties as a Pennsylvania State Trooper.[1]

9. Paragraph 9 is denied as stated; however, it is admitted that on May 27, 2021, the Answering Defendant was on duty in a marked PSP patrol vehicle and effected a traffic stop of Plaintiff's vehicle on Interstate Route 70 in Washington County, Pennsylvania.

10. Paragraph 10 is denied to the extent it alleges that Rousseau was following Plaintiff "at such close distance." After reasonable investigation, the Answering Defendant is without sufficient information to be able to admit or deny the facts comprising the remaining allegations of Paragraph 10 as stated. Accordingly, they are denied and strict proof is demanded.

11. Paragraph 11 is denied as stated; therefore, it is denied and strict proof is demanded.

12. Paragraph 12 is denied as stated; however, it is admitted that the Answering Defendant activated the emergency lights on his marked PSP patrol vehicle.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied as stated; however, it is admitted that the Answering Defendant asked Plaintiff for consent to search her vehicle.

16. Paragraph 16 is denied and strict proof is demanded.

17. Paragraph 17 is denied and strict proof is demanded.

18. Paragraph 18 is admitted.

19. Paragraph 19 is denied as stated; therefore, it is denied and strict proof is demanded.

---

[1] Because it appears that the Complaint misstates the date of the underlying incident, the Answering Defendant will assume for purposes of the remaining responses that Plaintiff's allegations are intended to reference the events of May 27, 2021. If Plaintiff insists that the underlying incident occurred on June 27, 2021, the Answering Defendant denies all allegations in the Complaint because he had no contact with Plaintiff on that day.

20. Paragraph 20 is denied and strict proof is demanded.

21. Paragraph 21 is admitted.

22. Paragraph 22 is denied as stated; however, it is admitted that the Answering Defendant did not recover drugs, weapons, or any other unlawful possessions from Plaintiff's vehicle.

23. Paragraph 23 is denied as stated; therefore, it is denied and strict proof is demanded.

24. Paragraph 24 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 24 are denied and strict proof is demanded.

25. To the extent directed to the Answering Defendant, Paragraph 25 is denied as stated; therefore, it is denied and strict proof is demanded.

26. Paragraph 26 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 26 are denied and strict proof is demanded.

27. Paragraph 27 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 27 are denied and strict proof is demanded.

28. Paragraph 28 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 28 are denied and strict proof is demanded.

29. Paragraph 29 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 29 are denied and strict proof is demanded.

30. Paragraph 30 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 30 are denied and strict proof is demanded.

31. Paragraph 31 is not directed to the Answering Defendant, therefore no response is required. However, to the extent an answer is required, any allegations of fact in Paragraph 31 are denied and strict proof is demanded.

32. Paragraph 32 is admitted.

33. Paragraph 33 is denied as stated; however, it is averred that the Answering Defendant suspected that Plaintiff may have been in possession of illegal drugs or drug paraphernalia.

34. Paragraph 34 is a conclusion of law, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

35. Paragraph 35 is admitted.

36. Paragraph 36 is admitted.

37. Paragraph 37 is admitted.

38. Paragraph 38 is admitted.

### Count I
### Unlawful Search Pursuant to 42 U.S.C. § 1983
### In Violation of the Fourth Amendment
(Ms. Elish vs. All Defendants)

39. The Answering Defendant incorporates the foregoing paragraphs as if set forth at length herein.

40. To the extent directed to the Answering Defendant, Paragraph 40 is a conclusion of law, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendant demands judgment in his favor.

### Count II
### Unlawful Search Pursuant to 42 U.S.C. § 1983
### In Violation of the Fourth Amendment
### (Ms. Elish vs. All Defendants)

41. The Answering Defendant incorporates the foregoing paragraphs as if set forth at length herein.

42. To the extent directed to the Answering Defendant, Paragraph 42 is a conclusion of law, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendant demands judgment in his favor.

### Count III
### False Imprisonment Pursuant to 42 U.S.C. § 1983
### in Violation of the Fourth Amendment
### (Ms. Elish vs. All Defendants)

43. The Answering Defendant incorporate the foregoing paragraphs as if set forth at length herein.

44. To the extent directed to the Answering Defendant, Paragraph 44 is a conclusion of law, to which no response is required or, if deemed factual, is denied and strict proof is demanded at trial.

WHEREFORE, the Answering Defendant demands judgment in his favor.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim in which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

At no time has the Answering Defendant, either individually or in concert with others, deprived or sought to deprive the Plaintiff of any rights, privileges or immunities secured to her by the Constitution or laws of the United States.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

At all times, the Answering Defendant acted in good faith and in an objectively reasonable manner and with a reasonable belief in the lawfulness of his actions.

### SIXTH AFFIRMATIVE DEFENSE

The Answering Defendant was at all times acting pursuant to a duty required or authorized by statute and/or regulation.

### SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendant lacks the necessary personal involvement required to support liability under Section 1983 (42 U.S.C. § 1983).

### EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendant is entitled to Sovereign Immunity.

### NINTH AFFIRMATIVE DEFENSE

The Answering Defendant is entitled to Qualified Immunity.

### TENTH AFFIRMATIVE DEFENSE

The Answering Defendant is entitled to derivative prosecutorial immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Answering Defendant reserves any and all defenses set forth at Fed. R.Civ. P. 8(c)(1).

**TWELFTH AFFIRMATIVE DEFENSE**

The Answering Defendant reserves the right to amend this pleading as needed or necessary.

WHEREFORE, the Answering Defendant demands judgment in his favor.

                           Respectfully submitted,

                           JOSH SHAPIRO
                           Attorney General

|  |  |
|---|---|
| Office of Attorney General | s/ Scott A. Bradley |
| Litigation Section | Scott A. Bradley |
| 1521 Waterfront Place | Senior Deputy Attorney General |
| Mezzanine Level | Attorney I.D. No. 44627 |
| Pittsburgh, PA 15222 |  |
|  | Karen M. Romano |
|  | Chief Deputy Attorney General |

Phone: (412) 565-3586
 Fax:   (412) 565-3019

Date:  February 10, 2022